UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS PAUL LEBON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14-CV-1194 CAS |
| THOMAS C. GRADY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Madelline Connolly, David Barczewski, Thomas Scanlon, and Thomas Grady's ("defendants") motions to dismiss. The matter is fully briefed and ready for decision. For the following reasons, the Court will grant defendants' motions to dismiss.

## Background

Plaintiff brings this action under 42 U.S.C. § 1983 and state law for alleged fraud in criminal proceedings against him. Defendants move to dismiss the case for failure to state a claim upon which relief can be granted.

On July 3, 2012, plaintiff was charged with second degree burglary, possession of burglar's tools, and stealing. Missouri v. Lebon, No. 1222-CR02756-01 (City of St. Louis). On March 26, 2014, a jury found him guilty on all counts. On June 6, 2014, defendant Thomas Grady, the presiding judge, sentenced plaintiff to a total of eight years' imprisonment.

Plaintiff filed the instant lawsuit on May 20, 2014, in state court. Defendants removed the action to this Court. In addition to Judge Grady, plaintiff sues Assistant Circuit Attorney Madeline Connolly and St. Louis Metropolitan Police Officers Thomas Scanlon and David

Barczewski. Plaintiff alleges, in a wholly conclusory manner, that defendants Scanlon and Barczewski committed perjury when they testified against him in court, and plaintiff claims that Grady and Connolly knew of the perjury but failed to correct it.

Defendants Grady and Connolly move to dismiss on the grounds that they are immune from suit and that the complaint fails to state a claim upon which relief can be granted. Defendants Scanlon and Barczewski argue that the complaint is Heck-barred and that it fails to state a claim.

**Discussion**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. Gregory v. Dillard's, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. Id. at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Gregory, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Plaintiff's claims against Grady and Connolly are legally frivolous because they are entitled to immunity. See Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutors entitled to absolute immunity).

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff's allegation that the conviction was obtained solely through the false and perjured statements of Scanlon and Barczewski would, if proven, necessarily imply the invalidity of his conviction. As a result, plaintiff is not entitled to relief.

Finally, the allegations in the complaint are conclusory and fail to aver facts, which if proved, would entitle plaintiff to relief. Therefore, the complaint fails to state a claim upon which relief can be granted.

As for plaintiff's remaining state law tort claims, this Court declines to exercise supplemental jurisdiction. It is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once it has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see Reeve v. Oliver, 41 F.3d 381, 383 (8th Cir. 1994) (per curiam); McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Because plaintiff's federal claim will be dismissed, all remaining pendent state claims will be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3); see United Mine Workers, 383 U.S. at 726 (if federal claims are dismissed before trial, remaining state claims should also be dismissed).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss are **GRANTED**. [Docs. 3, 17, 19, and 21]

**IT IS FURTHER ORDERED** that plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over plaintiff's state law tort claims, and these claims are **DISMISSED without prejudice**.

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of October, 2014.